## CIRCUIT COURT OF THE CITY OF RICHMOND

Ollie Snead, Jr., Adm'r., etc.

v.

Virginia Electric and Power Co.

### Case No. (Law) 8178

By JUDGE WILLARD I. WALKER

June 20, 1978

Having set aside the verdict of the jury in this case and awarded a new trial to the plaintiff on all issues, it is necessary that I set forth my reasons for this action.

Let me first eliminate those issues that are not part of my decision to set aside the verdict.

I remain satisfied that a proper jury issue was framed on the following subject matters: negligence of the defendant, proximate cause, trespasser versus invitee status of the plaintiff's decedent, and contributory negligence of the plaintiff's decedent. I am also persuaded that the court's instructions on these issues were correct.

Counsel for the defendant asserts that the verdict was excessive. Viewed in the light of measurable damages, such as funeral expenses and economic losses, the verdict would be clearly excessive; however, in a wrongful death case the jury is allowed to value certain intangibles, such as solace, loss of society, etc. I know of no Virginia case which sets an outside limit upon these damages. While I would agree the verdict was more than generous, I know of no authority which will allow me to substitute my judgment for that of the jury on evaluation of these intangible damages, no matter how strongly I might personally feel the verdict was too high.

I am totally convinced this verdict was in part the product of bias and prejudice on the part of the jury, and the jury's inability to observe the court's admonition to disregard certain evidence improperly adduced before them.

With respect to bias and prejudice, the indication that existed is shown by certain questions asked by a juror of certain witnesses. Beginning on page 555 of the transcript, a juror severely questioned the independence of defendant's expert witness. Both from the nature of the questions and the tone used by the juror, I am convinced that this juror, who later became foreman, manifested a bias or prejudice against the defendant, VEPCO. This same juror, on pages 504, 507, 508 and 509 of the transcript, questioned at length the veracity of two witnesses for the defendant, even though they had been cross-examined by plaintiff's counsel and no evidence contrary to their evidence (as to coming home to lunch) was ever adduced. While this question standing alone might not be suggestive of bias, it does reflect hostility to the defendant when considered with other questions.

As counsel and the court observed during trial, this jury was extremely active in asking questions. In retrospect, I believe that such unrestricted questioning by the jury was unwise.

At page 166 of the transcript, the court cautioned the jury as to the possible irrelevance of evidence dealing with the availability of Triplex wire. Subsequently, at page 569, the court instructed the jury to disregard all evidence as to Triplex. I am persuaded that this admonition was inadequate. Consider, among other things, the juror's questions at pages 540, 541, 542 and 546 of the transcript. And, the jury was not aided in being able to follow and apply the law of the case by the consistent remarks and questions of plaintiff's counsel which ofttimes were directly contrary to the court's rulings and to the law of the case. Specifically, I am referring to those matters raised in paragraph VI of defendant's brief in support of its motion to set aside the verdict.

For these reasons the court is convinced that a fair trial was not afforded to the defendant, VEPCO, which requires the verdict to be set aside and a new trial

awarded. Hopefully, counsel and the court being wiser, the pitfalls above enumerated will be avoided on retrial.

July 14, 1978

First, let me review the proceedings to this point so there will be no misunderstanding of what has transpired.

Subsequent to my opinion letter to counsel of June 20, 1978, I was prepared to enter an order dated June 26, 1978, which would have set aside the verdict of the jury and would have allowed counsel for both parties to file written objection with the court within five days of the entry of the order. At the request of counsel for the plaintiff, I did not enter the order but rather allowed a hearing to be scheduled, at which time counsel for the plaintiff would present argument objecting to the court's opinion as expressed in my letter of June 20, 1978, and to the entry of an order setting aside the verdict of the jury for the reasons stated.

At the hearing on this matter on July 12, 1978, counsel for the defendant objected to the hearing being held, which objection is duly noted; however, the court is of opinion and rules that the hearing is proper and should have been held prior to the court's taking formal action by order to set aside a jury verdict for the reasons stated in the written opinion.

Having heard the argument of counsel and considered the memorandum submitted, I am still thoroughly of opinion that it is my responsibility as presiding judge in this case to set aside the verdict of the jury for the reasons stated in the letter of June 20, 1978.

Counsel for the plaintiff in his arguments to the court suggested that any action of this nature by the court, even assuming it is inherently proper in a proper case, would not be proper in this case because the court would be called upon to engage in clairvoyance, or at least rank speculation. I do not concur with that suggestion of plaintiff's counsel. My rulings in setting aside the verdict of this jury, as expressed in my letter of June 20,. 1978, are based upon the record in the case as well as my very specific recollections of the events as they unfolded during the three days of trial. There is no way I can put into an opinion every minute impression the

court receives while presiding at the trial of a case; however, it is my belief that the trial court has responsibility to insure that a fair trial has been held, as long as the trial court is acting within sound discretion, and that the court should certainly take into account not only the raw questions asked by a juror, as in this case, but also should take into account the tone of the question and general flavor of the proceedings before the court. I am quick to recognize and regret that the overabundance of questioning by the jury in this case was, perhaps, aided and abetted by the court's inaction, if not positive encouragement. I recognize the fact that I was complimentary to the jury at all times, which I always am; but, nonetheless, the cold record in this case, as well as my own recollections of the proceedings, compels me not to receive this verdict of the jury as one based on impartiality and lack of bias. My ruling in this case was based upon the direct impressions that I received of the jury's attitude toward the defendant based upon their very active and vocal participation in the trial of the case. If the jury had sat by and asked no questions, had no outbursts or shown any indication of bias and had returned the verdict returned in this case, then I would quite agree with counsel for the plaintiff that the verdict should not be set aside on the grounds of bias. However, the jury did not sit by idly in this case, and as I have already pointed out rather explicitly in my letter of June 20, 1978, the events recited there convinced me that this case was not heard or decided by the jury free of bias against the defendant.

Most, if not all, of the cases cited by plaintiff's counsel deal with situations in which the trial court has exercised discretion and the appellate court is refusing to overturn that discretion because of the position of the trial judge in the case. Likewise, most of these cases involve a situation where a juror's outburst or comment is based upon views he has obtained during the trial by virtue of either believing or disbelieving certain witnesses or certain evidence in the case. That is not the situation in this case. The attitude or indications of bias that I have seen and upon which this verdict is set aside, are, in my opinion, indications of bias or prejudice that have no relation to the evidence in the case but were

prefixed biases held by the jury prior to the commencement of the case, notwithstanding the jurors' answers to the questions propounded by the court and counsel on *voir dire*.

For the foregoing reasons, as well as my letter of June 20, 1978, an order has this day been entered setting aside the verdict of the jury and awarding a new trial to the plaintiff on all issues.